## ST. LOUIS & CAIRO RAILROAD CO.

### v.

### NOAH VANOVER.

NEGLIGENCE—EVIDENCE OF.—Where the only ground upon which appellee could recover for an injury to an animal was negligence in the management of the train at the time of the accident, and the only evidence upon this point was the testimony of the train men, who testified that there was no negligence in such management, and they were uncontradicted and not discredited in anywise, a judgment for appellee could not be sustained.

APPEAL from the Circuit Court of Jackson county; the Hon. J. B. MAYHAM, Judge, presiding. Opinion filed April 18, 1884.

St. L. & Cairo R. R. Co. v. Vanover.

Messrs. ALBRIGHT & HARBER, for appellant.

Messrs. HILL & MARTIN and Mr. S. W. TREESH, for appellee.

WALL, P. J. This suit was brought by the appellee to recover the value of a mule killed by the train of appellant. The plaintiff was successful in the court below, and we are asked to review that judgment. The animal was killed within the village of Ava, a point about 400 yards south of the depot, by the passenger train going south at about 9 o'clock, P. M. The only persons who had any positive knowledge of the circumstances so far as shown by the record, were the men in charge of the train.

The engineer says he was looking forward, and had his attention attracted by a mule standing near the track on the west side which he was watching for fear it might come on the track. When he glanced ahead he saw the mule in question, it then being " cross-wise of one side of the track" and not over thirty feet in front of the engine; that he made every effort to stop, but could not, and struck the mule. He fixes the rate of speed at eight or nine miles per hour. The fireman says he did not see the mule at all; that for a moment or two just before the engineer made the effort to stop, he was engaged putting in coal; that he had been ringing the bell from the time they left the depot until the last crossing was passed, when he began to " fire up;" that if the mule had been on the track while he was ringing the bell he must have seen it, as the headlight was burning, and would throw a light 100 yards or more; that it must have got on the track while he was throwing in coal. He fixes the speed at eight or ten miles an hour. The baggageman did not see the mule but noticed a sudden slacking of the train, though he did not know the cause until next morning. He fixed the speed at not exceeding ten miles per hour.

Other witnesses who were not on the train fix the speed at fifteen to twenty miles per hour. The animal was found the next morning, and it appeared that it had been pushed or dragged 100 to 150 feet. No tracks were noticed along the

road bed.    The point where the animal was struck was in a cut, the embankments on either side being four or five feet high.

This, in substance, is the whole case as presented by the record.   It will be seen that at this point the defendant company was not bound to fence, nor is it shown that any other statutory duty was neglected, and it follows as a necessary consequence that there can be no recovery unless there was negligence in the management of the train at the time.   We are unable to perceive anything in the proof upon which to base such an allegation.   The rate of speed was not unusual or dangerous; the train men were attending to their duties, and after the animal was discovered every effort was made to avoid the collision.

At least we must so regard the case if the testimony of these men who are uncontradicted is to be accepted.   They are not discredited in anywise.   They are not opposed by other witnesses, and the only way to sustain this verdict is to assume that they have not sworn the truth, and that there was negligence of some sort, not proved, upon which liability may be predicated.

If this testimony is rejected there is no evidence as to the circumstances, and as negligence must be proved, and is not to be presumed without proof, there would be absolutely nothing to support the finding of the jury.

It is probable the fireman is correct in supposing the mule stepped on the track while he was throwing in the coal.

It may be that these witnesses have not given a true version of the matter, but their version is all we have, and taking the case as it appears from their testimony, negligence has not been shown.

The judgment must be reversed, and the cause remanded.

Reversed and remanded.